McGREGOR W. SCOTT
United States Attorney
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>DOMINGO ENE,<br>JOSHUA HOPOI, and<br>RAYMOND SU,<br><br>              Defendants. | CASE NO. 2:18-CR-149-JAM<br><br>STIPULATION AND PROTECTIVE ORDER |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter, or to defendants DOMINGO ENE, JOSHUA HOPOI, and RAYMOND SU in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to victims or potential victims in this case, including personal identifying information and access device numbers;

WHEREAS, such sensitive but unclassified discovery materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs) themselves or in an accompanying cover letter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a

1

private agreement is not appropriate in light of the nature of the information at issue and the charges in this case; and

WHEREAS, the defendants, DOMINGO ENE, JOSHUA HOPOI, and RAYMOND SU, have counsel ("Defense Counsel") who wish the opportunity to review the discovery;

Defendants DOMINGO ENE, JOSHUA HOPOI, and RAYMOND SU and plaintiff United States of America, by and through their undersigned counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery provided to or made available to Defense Counsel that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known as "the protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than the defendants, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of his client. At no time shall the defendants be permitted to review the protected discovery outside of the presence of their attorneys, and Defense Counsel shall not leave any of the protected discovery with defendants at the jail or other institution where the defendants are being held in custody.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. The protected discovery is now and will forever remain the property of the United States Government. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, or at the expiration of Defense Counsel's document retention requirement, Defense Counsel shall return the Protected Materials to the government or certify in writing that the Protected Materials have been destroyed.

5. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. If Defense Counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients

with copies of this Order and advise that person that the protected discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that the defendant obtains substitute counsel, undersigned Defense Counsel agree to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order.

8. Defense Counsel shall be responsible for advising his client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated:  August 29, 2018                         Respectfully submitted,

                                                McGREGOR W. SCOTT
                                                United States Attorney

                                    By:         /s/  Miriam R. Hinman
                                                MIRIAM R. HINMAN
                                                Assistant U.S. Attorney


                                    By:         /s/  Tasha Chalfant
                                                TASHA CHALFANT
                                                Counsel for DOMINGO ENE

                                    By:         /s/  Noa Oren
                                                NOA OREN
                                                Counsel for JOSHUA HOPOI

                                    By:         /s/  Linda Parisi
                                                LINDA PARISI
                                                Counsel for RAYMOND SU


**ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  August 30, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE