PHILLIP A. TALBERT
Acting United States Attorney
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00149 JAM |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| JOSHUA HOPOI, | DATE: November 16, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |
| Defendant. | |

    Defendant Joshua Hopoi pleaded guilty on January 14, 2020, to Count 1 of the Superseding Indictment, charging him with conspiracy to possess stolen mail in violation of 18 U.S.C. § 371. ECF Nos. 68, 69. For at least four months, the defendant used his employment as a contractor at Sacramento International Airport to rifle through U.S. mail and baggage to steal items, especially cash and gift cards. Considering the significant disruption that he caused in mail and baggage service, but also considering his stable employment while on pretrial release, the government recommends a below-guideline sentence of 6 months of imprisonment and 6 months of home detention.

## I.  RECOMMENDED SENTENCE

    The government recommends that the Court sentence the defendant to 6 months of imprisonment and 6 months of home detention. In addition, the government recommends that the defendant's sentence include restitution of $724.55 to the victims listed in the PSR, a 1-year terms of supervised release, a fine of $1,000, and a $100 special assessment.

## II. BACKGROUND

From at least April 2018 through July 2018, the defendant used his position as an employee of Envoy at Sacramento International Airport to steal items from the U.S. mail. PSR at 1, 4-7. Envoy was a contractor for American Airlines. PSR at ¶ 5. The defendant had access to secured areas of the airport, the airport post office, and airplanes. PSR at ¶ 6. He also had a clearance from the U.S. Postal Service to handle U.S. mail. PSR at ¶ 5. As an Envoy employee, he was responsible for loading and unloading mail and baggage on airplanes, as well as transferring the mail to and from the airport post office. PSR at ¶¶ 5-6.

The defendant conspired with his co-defendants to steal items from the U.S. mail. During the loading and unloading process, the defendants rifled through the mail and looked for greeting card envelopes because they were more likely to hold gift cards and cash. PSR at ¶ 16. On a single day, the trash at the defendant's residence contained 113 greeting cards. PSR at ¶ 14. The defendant purchased an Apple Watch with stolen gift cards, while co-defendant Domingo Ene purchased a gold necklace. PSR at ¶¶ 13-14. Co-defendant Raymond Su made arrangements by text message to sell stolen gift cards to numerous contacts. PSR at ¶ 11. The government has identified $3,295 in stolen cash, $1000 in stolen money orders, and 95 stolen gift cards as a result of the conspiracy. PSR at ¶¶ 16, 22. Most of the stolen gift cards were identified during the search at each defendant's residence and airport locker and the trash run at each defendant's house, all of which occurred in July 2018. *See* PSR at ¶¶ 9, 10, 13, 14.

Victims submitted statements expressing the impact that the defendants' conduct had on them and their families, beyond the stolen cash and gift cards. One mother expressed her son's sadness at thinking that his grandparents had forgotten his birthday. Victim Impact Statements at 5, ECF No. 94-5. Similarly, grandparents reported that their sensitive five-year-old grandson never received their card and he "will not soon forget his fifth birthday memory, or the feeling that his own grandparents did not think of him on his birthday." Victim Impact Statements at 15. A mother-in-law reported that her daughter-in-law was hurt when she thought her mother-in-law had forgotten her birthday. Victim Impact Statements at 12. Multiple victims reported that they had lost faith in the U.S. Postal Service. Victim Impact Statements at 5, 9.

The defendant also participated in rifling through checked baggage, and he saw Ene take the gun. PSR at ¶ 15.

### III.   SENTENCING GUIDELINES

The government agrees with the Sentencing Guidelines calculations in the PSR.  The base offense level is 6.  U.S.S.G. § 2B1.1(a)(2).  The offense level is increased by 6 based on a loss of $51,795.  U.S.S.G. § 2B1.1(b)(1)(D).  Because the offense involved more than 10 victims, a 2-level increase applies under U.S.S.G. § 2B1.1(b)(2)(A)(i).  The offense also involved trafficking access devices, which leads to a 2-level increase under U.S.S.G. § 2B1.1(b)(11)(B)(i).  The defendant should receive a 2-level adjustment under U.S.S.G. § 3B1.3 based on his job handling U.S. mail.  The resulting adjusted offense level is 18.  PSR ¶ 28.  Because the government will recommend a third level of reduction for acceptance of responsibility, the total offense level is 15.  PSR ¶¶ 30-32; U.S.S.G. § 3E1.1(b).  Based on a criminal history category of I, the defendant's guideline imprisonment range is 18-24 months.  PSR ¶ 61.

### IV.   SECTION 3553(A) FACTORS

A below-guidelines sentence of 6 months in prison and 6 months of home detention would be sufficient but not greater than necessary to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.  The government recommends this sentence after weighing the seriousness of the defendant's disruption of mail service and the mitigating factors, including the defendant's remorse and performance on pretrial release.

Rather than respect the responsibility entrusted to him to ensure secure handling of U.S. mail and baggage, the defendant chose to cause significant interference in mail service for his own financial gain. For at least four months, he rifled through mail and baggage to take items for himself.  Because of him, children thought that their grandparents had forgotten their birthdays.  The fact that the defendant's trash at home contained 113 greeting cards on one day demonstrates what a significant disruption the defendants caused in the transit of the mail.  Victims lost faith in the U.S. Postal Service, and for the four months that the defendants were operating their conspiracy, they prevented the Postal Service from fulfilling its duty to carry mail safely in and out of Sacramento.

It is a serious problem for individuals who are entrusted with access to airplanes and secured

areas of the airport to be more interested in their personal financial gain than in the responsibilities of their jobs. A sentence of imprisonment is important to provide just punishment and deter this kind of behavior by employees at the airport.[1]

Dated: November 9, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ MIRIAM R. HINMAN
MIRIAM R. HINMAN
Assistant United States Attorney

---

[1] The defendant's sentencing memorandum refers to former postal inspector Daron Tarver, who pled guilty to stealing money orders from the mail, as "one of the investigating agents in this case." ECF No. 105 at 2. To clarify, Tarver was not a case agent for this case. He was present along with other inspectors for a few searches in this case: the searches of Su's and Hopoi's airport lockers and the search of Su's car.